IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANK STEWART | * | |
| | * | |
| v. | * | Civil No. JFM-00-2047 |
| | * | |
| BETHLEHEM STEEL CORPORATION, | * | |
| ET AL. | * | |
| ***** | | |
| ERVIN CHANNELL | * | |
| | * | |
| v. | * | Civil No. JFM-00-2048 |
| | * | |
| BETHLEHEM STEEL CORPORATION, | * | |
| ET AL. | * | |
| ***** | | |
| CHARLES WISEMAN | * | |
| | * | |
| v. | * | Civil No. JFM-00-2049 |
| | * | |
| BETHLEHEM STEEL CORPORATION, | * | |
| ET AL. | * | |
| ***** | | |
| LAWRENCE DOSWELL | * | |
| | * | |
| v. | * | Civil No. JFM-00-2050 |
| | * | |
| BETHLEHEM STEEL CORPORATION, | * | |
| ET AL. | * | |
| ***** | | |

MEMORANDUM

In each of these four actions the plaintiff asserts a claim of breach of fiduciary duty against Bethlehem Steel Corporation and the Pension Trust of Bethlehem Steel Corporation and subsidiary companies. Plaintiffs seek access to information about their pension benefits.

Defendant previously filed motions to dismiss on the ground of claim preclusion. At a hearing held on October 27, 2000, I indicated that I believed that defendants' argument was



meritorious.[1] However, I was hesitant to make a ruling that would deprive plaintiffs with access to information about their pension benefits without further information being provided by defendants. Accordingly, I directed defendants to provide plaintiffs with a sampling of the information sought in the complaints. To permit that process to go forward, I denied defendants' motions to dismiss without prejudice to their renewing their claim preclusion argument by way of a motion for summary judgment at a later stage of the proceedings.

Defendants have now filed motions for summary judgment in each of the actions. Plaintiffs have not responded to those motions. According to the memoranda and supporting papers submitted by defendants in support of their motion, defendants have, as I directed, provided plaintiffs with the sampling of information.

The three prongs of the test to be applied in determining claim preclusion have been met in this case. Plaintiffs concede the first two of these elements (a prior final judgment on the merits rendered by a court of competent jurisdiction and the identity or privity of the parties in the two actions). Plaintiffs dispute only the third of the factors: whether "the claims in the second matter are based upon the same cause of action involved in the earlier proceeding." Pittson Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999). Here, plaintiffs clearly could have asserted their claims for access to pension information in the earlier action I dismissed. Accordingly, under straightforward Fourth Circuit law, their present claims are barred. See Aliff v. Joy Mfg. Co., 914 F.3d 39, 43-44 (4th Cir. 1990). Moreover, I now am comfortable in making what in the abstract may seem to be a draconian ruling in light of the fact that plaintiffs have

---

[1] The previous action in which I issued the ruling in favor of defendants giving rise to the argument of claims preclusion is currently on appeal. Apparently, it was argued before the Fourth Circuit in February.

made no additional substantive arguments based upon the sampling of information that the defendants have provided to them.

A separate order granting defendants' motions and entering judgment on their behalf is being entered herewith.

Date: March 13, 2001

J. Frederick Motz
United States District Judge